# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MERCEDES-BENZ USA LLC,**
        Plaintiff,

    v.                                       Case No. 07C0389

**CONCOURS MOTORS, INC.,**
        Defendant.

---

## DECISION AND ORDER

Plaintiff Mercedes-Benz USA, LLC ("Mercedes") brings this diversity action against defendant Concours Motors, Inc. ("Concours"), a distributor of Mercedes-Benz vehicles, alleging that Concours breached an agreement to build a free-standing facility to sell Mercedes-Benz vehicles. Mercedes also brings a promissory estoppel claim. Concours asserts four counterclaims: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) violation of the Automobile Dealers' Day in Court Act; and (4) violation of Chapter 218 of the Wisconsin Statutes. Mercedes now moves to dismiss the first and second counterclaims and part of the fourth pursuant to Fed. R. Civ. P. 12(b)(6).

## I. STANDARD OF REVIEW

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading will survive a motion to dismiss under Rule 12(b)(6) if it gives the opposing party notice of the claims against it and raises the pleader's right to relief above a speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A pleading need not include legal theories or facts; it need only put the opposing party on notice of the grievance complained of. Simpson v. Nickel, 450 F.3d 303, 305-06 (7th Cir. 2007); see also Airborne Beepers v. A.T.&T. Mobility LLC, 499

F.3d 663, 667 (2007); Vincent v. City Colleges of Chi., 485 F.3d 919, 923 (7th Cir. 2007).

## II. DISCUSSION

**A.     Mercedes's Right to Bring the Present Motion**

Concours argues that Mercedes is not entitled to bring the present motion because it has already responded to Concours's counterclaims in a prior pleading. Federal Rule of Civil Procedure 12(g)(2) provides that a party making a motion under Rule 12 may "not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The above provision does not bar the present motion because Mercedes has not made a previous Rule 12 motion. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1386. Mercedes previously filed a pleading in response to Concours's counterclaim. However, a responsive pleading is not a motion. Perry v. Sullivan, 207 F.3d 379, 382 (7th Cir. 2000). And, in any case, Mercedes's responsive pleading has been rendered moot because Concours has filed a supplemental and amended counterclaim. See Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999). Therefore, Mercedes is entitled to bring the present motion.

**B.     Breach of Contract Counterclaim**

Mercedes first asserts that Concours's breach of contract counterclaim must be dismissed. In such counterclaim, Concours alleges that Mercedes breached oral and/or implied agreements that mirror the terms of the written dealership agreements between the parties by demanding that Concours relocate its Mercedes-Benz dealership on terms unilaterally acceptable to Mercedes. Mercedes contends that the counterclaim does not provide fair notice of the nature of Concours's claim because it does not specify which

2

provisions of the dealership agreements Mercedes allegedly breached. However, under notice pleading standards, a pleader need not identify the contours of its legal theory. Indeed, it need not identify a legal theory at all. See, e.g., Simpson, 450 F.3d at 305 ("One pleads 'claims' (which is to say, grievances) rather than legal theories and factual specifics."). To the extent Mercedes needs more details about the nature of Concours's claim, Mercedes can easily obtain that information in discovery by, for example, serving a contention interrogatory asking Concours to identify the contractual provisions that Mercedes supposedly breached. See, e.g., Pratt v. Tarr, 464 F.3d 730, 733 (7th Cir. 2006). Therefore, I find that Concours has given Mercedes adequate notice of its grievance.

Mercedes also asserts that Concours's breach of contract counterclaim fails to state a claim because it does not specify how Mercedes allegedly breached the agreements, how the purported breach was material, or that the alleged breach occurred during the term of the agreements. Again, however, these things do not have to be in the pleadings. All that matters is that Mercedes has notice of the basic grievance – i.e., that Mercedes breached the agreements by demanding that Concours relocate its Mercedes-Benz dealership on terms unilaterally acceptable to Mercedes. As stated, the counterclaim puts Mercedes on notice of this claim. The details can be identified in discovery. Therefore, as to this counterclaim, Mercedes's motion to dismiss will be denied.

**C.  Counterclaim For Breach of Implied Covenant of Good Faith and Fair Dealing**

Mercedes also moves to dismiss Concours's counterclaim alleging violation of the implied covenant of good faith and fair dealing. Concours alleges that Mercedes breached

3

this duty by demanding that Concours relocate its dealership on terms acceptable only to Mercedes and by treating Concours discriminatorily. As previously indicated, in pleading its counterclaim, Concours need only put Mercedes on notice of the nature of the claim and raise its right to relief above a speculative level. Concours's counterclaim meets this standard. It advises Mercedes of Concours's allegation that Mercedes's conduct – particularly its insistence that Concours construct a new sales facility – imposed an unreasonable and discriminatory obligation upon Concours and violated Mercedes's duty to treat Concours fairly.

**D.     Counterclaim for Violation of Wis. Stat. Ch. 218**

Mercedes also moves to dismiss that part of Concours's counterclaim which alleges that Mercedes violated sections of Chapter 218 of the Wisconsin Statutes by unfairly attempting to coerce Concours into entering into an agreement with it. Wisconsin Statute § 218.0116(hm) prohibits automobile manufacturers, distributors and some others from coercing dealers to enter into agreements by, for example, threatening to cancel the dealer's franchise. In its counterclaim, Concours contends that Mercedes violated this provision

> through its arbitrary actions, including its constant threats to terminate and/or cancel and/or not renew the dealership agreements and its repeated attempts to force Concours to sell its Mercedes franchise to a different dealer, as well as its decision to allow its written Dealer Agreements to lapse, and to withhold from Concours its standard (5-year) Dealer Agreements.

(Def.'s Countercl. ¶ 52.)

Mercedes argues that this counterclaim fails because Concours cannot show that Mercedes constructively terminated its dealership or caused it pecuniary loss. I disagree.

4

Concours alleges that it was harmed by Mercedes's alleged ongoing efforts to unfairly coerce it into building a sales facility acceptable only to Mercedes. Further, although Mercedes argues that Concours has not alleged a pecuniary loss, Paragraph 34 of its Counterclaims alleges that Mercedes's conduct has caused it to lose $625,000. Thus, I will not dismiss that part of Concours's fourth counterclaim to which Mercedes objects.

### III. CONCLUSION

For the reasons stated, plaintiff's motion to dismiss portions of defendant's counterclaim is **DENIED**.

Dated at Milwaukee, Wisconsin, this 6 day of March, 2009.

/s_____
LYNN ADELMAN
District Judge

5